UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 03-10029-JLT |
| v. ) | |
| ) | |
| JACQUELINE MENDONCA, ) | |
| Defendant. ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**TAURO, D.J.,**

WHEREAS, on February 6, 2003, a federal grand jury sitting in the District of Massachusetts returned a seventy-two count Indictment charging defendant Jacqueline Mendonca (the "Defendant"), and others, with Conspiracy to Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 846 (Count One); Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956 (Count Two); Money Laundering, in violation of 18 U.S.C. §§ 1956 and 2 (Counts Three through Fifty-five); Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity, in violation of 18 U.S.C. § 1957 (Counts Fifty-six and Fifty-eight); and Structuring Currency Transactions, in violation of 31 U.S.C. § 5324 and 18 U.S.C. § 2 (Counts Fifty-nine through Seventy-two);

WHEREAS, the Indictment contained a Forfeiture Allegation, pursuant to 21 U.S.C. § 853, which sought the forfeiture, as a result of the offenses alleged in Counts One and Two of the Indictment, of any and all property constituting, or derived

from, any proceeds the defendants obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations including, but not limited to, the following:

(a) $2,863 in U.S. currency seized from Jacqueline Mendonca on December 4, 2002;

(b) $50,703.08 in U.S. currency, representing proceeds of the sale of real property located at 5029 N. Post Trail, Tucson, Arizona;

(c) $20,000 in U.S. currency seized from Jacqueline Mendonca on December 6, 2002; and

(d) approximately $16,000 in U.S. currency seized from the Mendonca's house at 45 Dover Street, New Bedford, MA, pursuant to a state search warrant on August 2, 2002;

WHEREAS, the Forfeiture Allegations of the Indictment also provided notice that the government would seek forfeiture, upon conviction of any money laundering offense alleged in Counts Three through Fifty-nine of the Indictment, of any property, real or personal, involved in such offenses, and any property traceable to such property.  Such property included, but was not limited to:

(a) $458,835 in U.S. currency deposited into the bank accounts referenced in Counts Three through Fifty-Nine;

2

(b) the 2001 Mitsubishi Eclipse purchased by Jacqueline Mendonca for $22,853.40 in cash on February 14, 2001, from Central Dodge, Raynam, Massachusetts;

(c) the 1999 Freightliner tractor, serial number XLA14364, bearing Oklahoma registration 1XG317, purchased by John Mendonca for $56,000 on May 31, 2001, from SelecTrucks of Hartford, Connecticut; and

(d) the 2000 Dodge Caravan, Massachusetts registration 6595WW, VIN #1B4GP44YB733210, purchased by Jacqueline Mendonca on February 17, 2001, for $26,025, including a $9,500 cash down payment, and subsequently transferred to Doris Jones, 189 Anthony Street, Fall River, Massachusetts;

WHEREAS, the Indictment further provided that if any of the property described as being forfeitable to the United States, as a result of any act or omission by the defendants, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the defendants, up to the value of the property described in the Forfeiture Allegation of the Indictment, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on August 24, 2006, at a change of plea hearing, the Defendant pled guilty to Counts One, Two, Three through

Fifty-five, Fifty-six, Fifty-eight, and Fifty-nine through Seventy-two of the Indictment, pursuant to a written plea agreement that she signed on July 31, 2006;

WHEREAS, in the written plea agreement, the Defendant agreed to forfeit to the United States any and all assets subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of her guilty plea;

WHEREAS, the Defendant specifically agreed to the forfeiture of the $2,863 in United States currency seized from Jacqueline Mendonca on December 4, 2002 (the "Currency"), among other assets;

WHEREAS, the Defendant admitted that the Currency is subject to forfeiture on the grounds that it constitutes, or was derived from, proceeds of the Defendant's unlawful drug activity and/or property used, or intended to be used, to commit the drug trafficking crimes charged in the Indictment, and/or property involved in the money laundering crimes as charged in the Indictment;

WHEREAS, the Defendant consented to the forfeiture of the Currency, among other assets;

WHEREAS, based upon the Defendant's admissions in the written plea agreement and her admissions at the August 24, 2006 plea hearing, the United States has established the requisite

4

nexus between the Currency and the offenses to which the Defendant has pled guilty, and accordingly, the Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853; and

WHEREAS, as a result of the Defendant's guilty plea and pursuant to 21 U.S.C. § 853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against the Currency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure that the government has established the requisite nexus between the Currency and the offenses to which the Defendant pled guilty. Accordingly, the Currency is hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853(a).

2. If the Currency, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek

forfeiture of any other property of the Defendant, up to the value of the Currency, pursuant to 21 U.S.C. § 853(p).

3. The Internal Revenue Service is authorized to seize and/or retain the Currency in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853, the Internal Revenue Service shall take all appropriate steps to seize, forfeit, and dispose of the Currency, giving notice as required by law.

5. Upon the issuance of the Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), the United States shall publish for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Order, notice of the United States' intent to dispose of the Currency in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Currency must file a petition with the Court within thirty (30) days after the last day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

6. Pursuant to 21 U.S.C. § 853(n), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Currency to be forfeited.

7.      Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Currency, shall, within thirty (30) days after the last day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Currency; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Currency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Currency, any additional facts supporting the petitioner's claim, and the relief sought.

8.      Pursuant to 21 U.S.C. § 853, following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853 for the filing of such petitions, the United States of America shall have clear title to the Currency.

9.      Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21

U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of her sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against her.

DONE AND ORDERED in Boston, Massachusetts, this 20T' day of October, 2009.

JOSEPH L. TAURO
United States District Judge